IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AKORN, INC., | § | |
| | § | No. 535, 2018 |
| Plaintiff and Counterclaim | § | |
| Defendant Below, Appellant, | § | Court Below: Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| FRESENIUS KABI AG, QUERCUS | § | C.A. No. 2018-0300-JTL |
| ACQUISITION, INC. AND | § | |
| FRESENIUS SE & CO. KGGA, | § | |
| | § | |
| Defendants and Counterclaim | § | |
| Plaintiffs Below, Appellee. | § | |

Submitted: December 5, 2018
Decided: December 7, 2018

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices; constituting the Court *en Banc*.

# **O R D E R**

In this case, Akorn, Inc. argues that the Court of Chancery erred in several ways in its 246-page opinion concluding that (1) Fresenius Kabi AG had no obligation to close its proposed merger with Akorn and (2) Fresenius properly terminated the Merger Agreement on April 22, 2018. For purposes of this appeal, we need not and do not address every nuance of the complex record.

(1) The factual record adequately supports the Court of Chancery's determination, based on its application of precedent such as *In re IBP, Inc.*

*Shareholders Litigation*[1] and *Hexion Specialty Chemicals, Inc. v. Huntsman Corp.*,[2] that Akorn had suffered a material adverse effect ("MAE") under § 6.02(c) of the Merger Agreement that excused any obligation on Fresenius's part to close.[3]

(2)  Likewise, we conclude that the record adequately supports the Court of Chancery's declaration that Fresenius properly terminated the merger under § 7.01(c)(i) because Akorn's breach of its regulatory representations and warranties gave rise to an MAE and Fresenius had not itself engaged in a prior, material breach of a covenant that would have prevented Fresenius from exercising its immediate termination right under the Merger Agreement.[4]  For these specific reasons, we

---

[1] 789 A.2d 14 (Del. Ch. 2001).

[2] 965 A.2d 715 (Del. Ch. 2008).

[3] App. to Opening Br. at A4756 (Agreement and Plan of Merger by and Between Akorn, Fresenius Kabi, Quercus, and Fresenius SE (Apr. 24, 2017)) ("The obligation[] of [Fresenius] . . . to effect the Merger shall be subject to the satisfaction . . . on or prior to the Closing Date of the following conditions: . . . Since the date of this Agreement there shall not have occurred and be continuing any effect, change, event or occurrence that, individually or in the aggregate, has had or would reasonably be expected to have a Material Adverse Effect.").

[4] Section 7.01(c)(i) of the Merger Agreement provides Fresenius with the right to terminate the agreement if Akorn has "breached any of its representations or warranties or failed to perform any of its covenants or agreements set forth in this Agreement, which breach or failure to perform (A) would give rise to the failure of a condition set forth in Section 6.02(a) or Section 6.02(b) and (B) is incapable of being cured . . . <u>provided</u> that [Fresenius] shall not have the right to terminate this Agreement pursuant to this Section . . . if [Fresenius] is then in material breach of any of its representations, warranties, covenants or agreements hereunder." *Id.* at A4758.  Section 6.02(a) establishes, as a condition to closing, that Akorn's representations and warranties "shall be true and correct . . . except . . . where the failure to be true and correct would not, individually or in the aggregate, reasonably be expected to have a Material Adverse Effect." *Id.* at A4756.  The record supports the Court of Chancery's finding that Akorn's breach of its regulatory representations and warranties under Section 3.18 could reasonably be expected to cause an MAE.  But because Fresenius's ability to terminate under Section 7.01(c)(1) is conditioned on Fresenius not being in material breach under the Merger Agreement, Akorn argued, in the Court of Chancery, that Fresenius had breached both its "Reasonable Best Efforts Covenant" and its "Hell-or-High-Water Covenant."  The record supports the Court of Chancery's finding that Fresenius did not breach its

2

affirm the Court of Chancery's judgment of October 17, 2018 dismissing Akorn's claims.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

Reasonable Best Efforts Covenants and that its temporary breach of the Hell-or-High-Water Covenant was not material. *See Akorn, Inc. v. Fresenius Kabi AG*, 2018 WL 4719347, at \*91–101 (Del. Ch. Oct. 1, 2018).

[5] In its decision, the Court of Chancery issued extensive reasoning on all of the issues presented to it. Because there is no need for us to comment upon or to address this reasoning to decide this expedited appeal, we refrain from doing so. For these reasons, we also do not address whether, as the Court of Chancery found, Akorn breached the Ordinary Course Covenant under Section 5.01(a) of the Merger Agreement and that Fresenius was free to terminate the Merger Agreement for that additional reason.